Filed 3/18/15   Johnson v. Contemporary Services CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ANGELA JOHNSON et al., | B246792 |
| Plaintiffs and Appellants. | (Los Angeles County Super. Ct. No. BC439520) |
| v. | |
| CONTEMPORARY SERVICES CORPORATION, | |
| Defendant and Respondent, | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kevin C. Brazile, Judge.  Reversed and remanded with directions.

Schonbrun DeSimone Seplow Harris & Hoffman, V. James DeSimone, Michael D. Seplow and Erin M. Pulaski, for Plaintiffs and Appellants.

Reed Smith, Remy Kessler and Steven B. Katz, for Defendant and Respondent.

_____

Plaintiffs Angela Johnson and Edwin Merino appeal from the order confirming an intermediate arbitration award which determined that plaintiffs' representative Private Attorney General's Act claims (Lab. Code, § 2698, et seq. (PAGA)) against employer Contemporary Services Corporation had to be arbitrated as individual claims only. The parties agree that intervening authority – *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*)– requires that those claims proceed in some forum as a representative claim. We therefore reverse the orders confirming the arbitration award and compelling arbitration of the PAGA claim and remand for further proceedings to determine whether the representative PAGA claim should proceed along with the arbitration of the plaintiffs' individual arbitration claims or be resolved in the superior court.

## FACTS AND PROCEDURAL HISTORY

In June 2010, Angela Johnson and Edwin Merino filed a class action against their employer, Contemporary Services Corporation, alleging numerous violations of the Labor Code related to wages, hours, meal periods, and rest breaks. Their complaint included a claim under PAGA, which allows employees to act as agents of the state in bringing both individual and representative actions to vindicate workers' statutory rights. (*Iskanian, supra,* 59 Cal.4th at pp. 378-380.)

When plaintiffs filed their complaint the law was in flux concerning the extent to which certain class action claims could be litigated in court when the parties had an arbitration agreement that was either silent on, or expressly barred, representative claims. The primary issue revolved around *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___, 131 S.Ct. 1740, and whether under the Federal Arbitration Act (9 U.S.C. § 1, et seq.) state law was barred from requiring arbitration of class claims unless the parties had agreed to do so. Contemporary filed a petition to compel arbitration of plaintiffs' individual claims only, pursuant to an arbitration provision in their standard employment agreement that was silent on the issue of representative actions. The trial court granted the petition and directed the arbitrator to decide several issues relating to

2

the enforceability and scope of the arbitration agreement, including unconscionability, the propriety of arbitrating class action claims, and whether the arbitrator had authority to decide the PAGA claim.

The arbitrator issued her intermediate award in August 2012, finding that the arbitration agreement was not substantively unconscionable, and that the employer could not be compelled to arbitrate representative actions, including the PAGA claim, when the agreement was silent on that issue. After plaintiffs' unsuccessfully sought to have the arbitrator reconsider or vacate her award, Contemporary brought a motion asking the trial court to confirm the award as a judgment. (Code Civ. Proc., § 1285.) Plaintiffs opposed the motion on several grounds, including the impropriety of precluding representative PAGA claims. The trial court granted the motion in December 2012, two years before the Supreme Court was to issue its opinion in *Iskanian*. Plaintiffs appealed.[1]

---

[1]     We issued a notice of default and directed plaintiffs to either provide a copy of a judgment or show cause why the appeal should not be dismissed. Plaintiffs asked us to save the appeal under the "death knell" doctrine, because the trial court's order effectively terminated their representative claims (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757), or to treat it as a writ petition. We then discharged our order to show cause and restored the case to active status.

Contemporary now contends that we should dismiss the appeal because the trial court's order is not appealable. It relies on *Judge v. Nijjar Realty, Inc.* (2014) 232 Cal.App.4th 619 (*Judge*), which held that an order confirming an arbitrator's interim award *allowing* a representative PAGA claim to proceed through arbitration was not appealable because the award was not a final resolution of the substantive issues. (*Id.* at pp. 633-636.) We disagree.

First, unlike *Judge,* where the arbitrator's interim award permitted representative PAGA claims to proceed through arbitration, the interim award in this case required that all of plaintiffs' group claims – representative PAGA and putative Labor Code class action – proceed only through arbitration and only as individual claims.

Second, as Contemporary acknowledges, the *Judge* court distinguished its holding from arbitration orders that are appealable under the death knell doctrine. (*Judge, supra,* 232 Cal.App.4th at p. 634, fn. 13.) Contemporary contends that the death knell exception is not available because that doctrine has only been applied to class action claims and plaintiffs have dismissed theirs. Even though *Judge* involved the appealability of arbitration orders for representative PAGA claims, that court did not state that PAGA claims were exempt from the death knell doctrine. Regardless, we believe the death knell

3

The Supreme Court decided *Iskanian, supra,* 59 Cal.4th 348 in June 2014, after Contemporary filed its appellate respondent's brief. *Iskanian* held that the FAA preempted California decisions holding that class action waivers of employees' unwaivable statutory rights were not enforceable, except in regard to PAGA claims, which were actions by the state being prosecuted by individuals. (*Id.* at pp. 359-360, 382-384.) Left unresolved in *Iskanian* was the proper forum for adjudicating the plaintiff's representative PAGA claims: either in state court or in arbitration along with the plaintiff's individual claims. Because the arbitration agreement gave no clue how the parties might feel about the issue, the Supreme Court left it to the parties and the trial court to sort it out on remand. (*Id.* at pp. 391-392.)

Plaintiffs here filed their appellate reply brief after *Iskanian* was filed. In light of that decision, plaintiffs withdrew their appeal as to their non-PAGA claims. As for the PAGA claims, they contended that not only should they proceed as representative claims – they should do so in a trial court action, not arbitration.

Contemporary then filed a letter with the court stating that in light of *Iskanian* it conceded that absent review of that decision by the United States Supreme Court we were bound to apply its holding concerning PAGA claims. Contemporary asked us to postpone a decision pending a ruling by the United States Supreme Court on a certiorari petition in *Iskanian*. We did so. On January 20, 2015, the petition for writ of certiorari in *Iskanian* was denied. (___ U.S. ___, 2015 WL 231976.)[2]

---

analysis applies here because the arbitrator's interim award eliminated the only remaining representative claim.

[2] In a letter filed after oral argument, Contemporary has asked us to again stay our decision pending a ruling by the United States Supreme Court, this time on a petition for writ of certiorari, in *Bridgestone Retail Operations, LLC v. Brown* (U.S.S.C. case No 14-790), sub nom. *Brown v. Superior Court* (2014 WL5409196)), which also concerns the arbitrability of representative PAGA actions. According to Contemporary the high court has signaled its intention to grant the petition. We decline to stay this matter further, and any new developments can be raised before the trial court on remand.

4

## DISCUSSION

Based on *Iskanian, supra,* 59 Cal.4th 348, plaintiffs have abandoned their appeal as to all but their PAGA claim, while Contemporary concedes that the PAGA claim may proceed on a representative basis. As a result, we will reverse the order confirming the arbitration award as to the PAGA claim. The only issue left for determination is where that claim will be adjudicated. As the *Iskanian* court wondered, will the parties agree on a single forum for resolving the PAGA claim and the other claims? If not, should the PAGA claim be bifurcated, with it proceeding in litigation while the plaintiffs' individual claims go to arbitration? If bifurcation occurs, should the arbitration or the superior court action be stayed? (*Id.* at pp. 391-392.)

At bottom, plaintiffs' assertion that the PAGA claim should be litigated is a challenge not to the order confirming the arbitration award but to the underlying order compelling arbitration. Although no immediate, direct appeal lies from an order compelling arbitration, such an order is subject to review on appeal from the final judgment. (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648-649.)[3]

The court in *Garden Fresh Restaurant Corporation v. Superior Court* (2014) 231 Cal.App.4th 678 (*Garden Fresh*) considered a writ petition brought by an employer being sued by employees for wage and hour violations and under PAGA after the trial court granted the employer's petition to compel arbitration, but directed the arbitrator to determine whether under the arbitration agreement the PAGA claim should be litigated or arbitrated.

The *Garden Fresh* court granted the petition, holding that such a determination was a "gateway" issue for the trial court to resolve unless the parties' arbitration agreement clearly provided otherwise. Such clarity did not exist, however, because, as here, the arbitration provision was silent on the issue of class and representative claims. (*Garden Fresh, supra,* 231 Cal.App.4th at pp. 687-689.) The Court of Appeal then

---

[3] As stated in footnote 1, *ante,* even though we are not reviewing a judgment, we are still reviewing an appealable order.

5

remanded the matter to the trial court to determine the issue.  We believe that is the appropriate resolution in this case, given that *Iskanian, supra,* 59 Cal.4th 348 is new authority, and that as a result the issue was first raised in plaintiffs' appellate reply brief.

## DISPOSITION

We reverse the order confirming the arbitration award, and the underlying order compelling arbitration but only as to the PAGA claim.  The trial court is directed to conduct further proceedings as necessary to determine whether the parties' arbitration agreement contemplates arbitration of the representative PAGA claims, and whether plaintiffs' representative PAGA claims should be arbitrated or litigated and whether such claims should be bifurcated.  Plaintiffs shall recover their costs on appeal.


                                                    RUBIN, J.

WE CONCUR:


        BIGELOW, P. J.


        GRIMES, J.


6